State v. Rife

STATE OF NORTH CAROLINA v. GREG T. RIFE

No. 7410SC1037

(Filed 5 March 1975)

Criminal Law § 34— evidence of another crime — relevance to show joint action

In a prosecution for larceny of a motor vehicle, evidence that marijuana was found in the vehicle when the three defendants, who fit the descriptions of persons seen near the vehicle in N. C., were arrested in another state and that defendants had pleaded guilty to possession of the marijuana was relevant to establish that defendants were acting jointly and in concert when the vehicle was stolen in N. C., although the evidence did show commission of another crime by defendants.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 10 July 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 19 February 1975.

Defendant was charged in a bill of indictment with the felonious larceny of a motor vehicle. Two other defendants, Buccannon and Turner, were charged with the same offense. The three cases were consolidated for trial, and verdicts of guilty were returned in each case.

The State's evidence tended to show that on 9 April 1974 four young men were observed in the town of Fuquay-Varina. The four were walking along a line of parked vehicles, two on either side of the vehicles. They were stooping and bending and looking into the vehicles. They were observed by three residents and were described as hippie-type boys and as strangers in the community. A blond-haired young man, who strongly resembled defendant Rife, was wearing a brightly colored plaid shirt similar to a shirt found in the stolen vehicle at the time of Rife's arrest. This blond-haired young man was observed getting into the driver's seat of the vehicle in Fuquay-Varina and backing this vehicle from its parking space. The other three young men were then observed getting into the vehicle with the blond-haired young man and riding away with him. The vehicle was a camper-van.

Two days later, on 11 April 1974, a police officer in the town of Delhi, Louisiana, became suspicious when he observed defendant Rife driving the out-of-state vehicle. He checked by his patrol car radio and determined that the vehicle had been

reported stolen in North Carolina. The officer then intercepted the vehicle and asked Rife for his driver's license and motor vehicle registration. Rife did not have either one. The three occupants, Rife, Buccannon, and Turner, were then placed under arrest. Each of the three is from Newport News, Virginia. The fourth young man, who had been described by the witnesses in North Carolina as an Indian-type person with dark complexion and straight long hair, was not with the three who were arrested.

After the three were arrested, a search of the vehicle disclosed a quantity of marijuana in a glove on the right front seat, and marijuana seeds and stems were found throughout the vehicle. Each of the three, Rife, Buccannon, and Turner, pleaded guilty in Louisiana to charges of possession of marijuana and later waived extradition to North Carolina for trial on the charge of felonious larceny of a motor vehicle.

Defendant offered no evidence.

*Attorney General Edmisten, by Assistant Attorney General Donald A. Davis, for the State.*

*Broughton, Broughton, McConnell & Boxley, by Gregory B. Crampton, for the defendant.*

BROCK, Chief Judge.

Defendant assigns as error the ruling of the trial judge in permitting the State to offer evidence of defendant's possession of marijuana in Louisiana and his plea of guilty and sentence in Louisiana on the charge of possession of marijuana. "While it is well established that evidence of other crimes, having no bearing upon the crime for which the defendant is on trial, may not be introduced prior to his taking the stand as a witness in his own behalf, it is equally well settled that all facts, relevant to the proof of the defendant's having committed the offense with which he is charged, may be shown by evidence, otherwise competent, even though that evidence necessarily indicates the commission by him of another criminal offense." *State v. Atkinson,* 275 N.C. 288, 312, 167 S.E. 2d 241 (1969).

Here there is evidence that four young men stole a camper-vehicle in Fuquay-Varina. Two days later, three young men fitting the description of three of the four seen in Fuquay-Varina were found in Louisiana in possession of the stolen camper-vehicle. They admitted jointly possessing the marijuana found

in the glove on the right front seat. In our opinion this evidence is relevant and has substantial probative value in its logical tendency to establish that the three were acting jointly and in concert at the time the vehicle was stolen in North Carolina. *See* 1 Stansbury, N. C. Evidence 2d, §§ 91, 92 (Brandis rev. 1973). This assignment of error is overruled.

Defendant next assigns as error the action of the trial judge in summarizing, in his instructions to the jury, the evidence of defendant's arrest, plea, and sentence in Louisiana on the marijuana charge. Obviously, if the evidence were properly admitted, it was not error for the judge to summarize it in his charge. This assignment of error is overruled.

No error.

Judges VAUGHN and MARTIN concur.